IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| TAWON TRIBBLE, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | Case No. 19-cv-01073-SMY |
| SHAWNEE CC, | ) | |
| Defendant. | ) | |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Tawon Tribble, an inmate of the Illinois Department of Corrections ("IDOC") currently incarcerated at Shawnee Correctional Center ("Shawnee"), brings this civil rights action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. Plaintiff alleges his requests to be transferred to a different cell were ignored by Shawnee staff after he reported being repeatedly sexually assaulted by his cellmate. He requests monetary damages.

Plaintiff's Complaint is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner Complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a Complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

**Discussion**

Plaintiff alleges that he was randomly moved to a cell with a cellmate who repeatedly physically and verbally sexually assaulted him. (Doc. 1). He further alleges that he told various officers on numerous occasions about the assaults, but nothing was done. Eventually, Plaintiff's cellmate was placed in segregation. (*Id.* at p. 6).

Plaintiff's Complaint does not survive preliminary review under § 1915A because he names Shawnee CC as the only defendant. Shawnee, which is a division of IDOC, is not a "person" subject to suit under Section 1983. *Will v. Mich. Dep't of State Police,* 491 U.S. 58, 71 (1989). Although Plaintiff refers to certain individuals in the statement of his claim, he failed to name them as defendants in the case caption of the Complaint. When parties are not listed in the case caption, the Court will not treat them as defendants and any claims against them should be considered dismissed without prejudice. *See* FED. R. CIV. P. 10(a) (noting that the title of the complaint "must name all the parties"); *Myles v. United States*, 416 F.3d 551, 551-52 (7th Cir. 2005) (defendant must be "specif[ied] in the caption").

Plaintiff will have an opportunity to re-plead his claims in an amended complaint, if he wishes to proceed with this action. Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under [Section] 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Vill. of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005). Therefore, when preparing the amended complaint, Plaintiff should identify particular defendants in the case caption and statement of claim who acted or failed to act in a way that caused a deprivation of his constitutional rights. Further, to avoid dismissal of this action with prejudice, Plaintiff must also follow the instructions and deadlines in the disposition below. *See* FED. R. CIV. P. 41.

### Motion for Recruitment of Counsel

Plaintiff has also filed a Motion for Recruitment of Counsel (Doc. 4) which is **DENIED**.[1] Plaintiff does not provide any information regarding attempts to recruit counsel on his own and only states that he is incarcerated and cannot afford an attorney. (*Id.* at p.1). Because he has not made this showing, the Court finds that Plaintiff has not made a reasonable attempt to find counsel. Should Plaintiff choose to move for recruitment of counsel at a later date, the Court directs Plaintiff to: (1) contact at least three attorneys regarding representation in this case prior to filing another motion; (2) include in the motion the names and address of at least three attorneys he has contacted; and (3) if available, attach the letters from the attorneys who declined representation.

### Disposition

**IT IS HEREBY ORDERED** that the Motion for Recruitment of Counsel (Doc. 4) is **DENIED without prejudice**.

**IT IS FURTHER ORDERED** that, for the reasons stated, the Complaint is **DISMISSED** without prejudice pursuant to §1915A. Plaintiff is **GRANTED** leave to file a "First Amended Complaint" on or before **December 3, 2019**. Should Plaintiff fail to file a First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). The dismissal shall also count as one of Plaintiff's three allotted "strikes" under 28 U.S.C. § 1915(g).

---

[1] In evaluating Plaintiff's Motion for Recruitment of Counsel, the Court applies the factors discussed in *Pruitt v. Mote,* 503 F.3d 647, 654 (7th Cir. 2007) and related authority.

It is strongly recommended that Plaintiff use the civil rights complaint form designed for use in this District. He should label the form, "First Amended Complaint," and he should use the case number for this action (No. 19-cv-01073-SMY). To enable Plaintiff to comply with this Order, the **CLERK** is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

An amended complaint generally supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The First Amended Complaint must stand on its own without reference to any previous pleading. Plaintiff must re-file any exhibits he wishes the Court to consider. The First Amended Complaint is also subject to review pursuant to 28 U.S.C. § 1915A.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether Plaintiff files a First Amended Complaint. 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED**.

**DATED: 11/4/2019**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**