UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TAWON TRIBBLE,<br><br>        **Plaintiff,**<br><br>vs.<br><br><br>MICHAEL DUNNING<br>and<br>KENNETH HAMILTON,<br><br><br>        **Defendants.** | )<br>)<br>)<br>)<br>)   Cause No. 3:19-cv-1073-GCS<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM & ORDER

**SISON, Magistrate Judge:**

Plaintiff Tawon Tribble, formerly an inmate within the Illinois Department of Corrections, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983 for events that allegedly occurred at Shawnee Correctional Center ("Shawnee"). Tribble alleges he was choked by another inmate on his way to lunch on August 25, 2019. (Doc. 14, p. 6). He told Lieutenant Hamilton and Sergeant Dunning, but nothing was done. *Id*. The same inmate subsequently assaulted Tribble again. *Id*. Now pending before the Court is a July 2, 2020 motion for summary judgment on the issue of exhaustion of administrative remedies filed by Defendants Hamilton and Dunning. (Doc. 33). Along with the motion for summary judgment, Hamilton and Dunning filed the required Federal Rule of Civil Procedure 56 notice informing Tribble of the consequences of failing to respond to the motion for summary judgment. (Doc. 35). As of this date,

Tribble has not responded to the motion for summary judgment.[1] For the following reasons, the motion for summary judgment filed by Defendants Hamilton and Dunning is **GRANTED**.

## DISCUSSION

The following claim survived the Court's screening of the complaint pursuant to 28 U.S.C. § 1915A (Doc. 18):

**Count 1: Eighth Amendment claim for failure to protect against Hamilton and Dunning.**

Lawsuits filed by inmates are governed by the provisions of the Prison Litigation Reform Act ("PLRA"). *See* 42 U.S.C. § 1997e(a). Pursuant to the Act, "no action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." *Id*. "To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2005). The Seventh Circuit requires strict adherence to the PLRA's exhaustion requirement, *i.e.*, exhaustion must occur before suit is filed. *See, e.g., Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006)(noting that "[t]his circuit has taken a strict compliance approach to exhaustion"); *Ford v. Johnson*, 362 F.3d 395, 398 (7th Cir. 2004).

Here, the record before the Court demonstrates that Tribble failed to exhaust his administrative remedies regarding any action or inaction by Defendants Dunning and

---

[1] Pursuant to Local Rule 7.1(c), Tribble's lack of a response could be interpreted as an admission of the merits of the motions. However, the Court will review the motions on the merits.

Hamilton. Specifically, the Administrative Review Board ("ARB") records reveal that during the relevant time period, Tribble only filed one grievance to the ARB. This grievance was related to issues with commissary while at Stateville Correctional Center. Tribble also filed one grievance at Shawnee prior to the filing of this lawsuit, however, this grievance was in reference to his Trust Fund account at Shawnee. Neither of Tribble's grievances make any mention of the allegations that he was choked by another inmate on August 25, 2019, nor that Tribble was subsequently assaulted by the same inmate. Further, none of these grievances make any mention of Defendants Dunning or Hamilton. Additionally, both of Tribble's grievances were filed prior to the alleged assaults. Thus, the Court finds that Tribble failed to exhaust his administrative remedies as to Defendants Hamilton and Dunning.

## CONCLUSION

For the foregoing reasons, the Motion for Summary Judgment on the issue of exhaustion filed by Defendants Hamilton and Dunning (Doc. 33) is **GRANTED,** and the claims against Hamilton and Dunning are **DISMISSED without prejudice**. Further, the Clerk of Court is **DIRECTED** to enter judgment accordingly and close this case.

**IT IS SO ORDERED.**

**DATED: August 11, 2020.**

Digitally signed by Judge Sison
Date: 2020.08.11 15:12:21 -05'00'

_____
**GILBERT C. SISON**
**United States Magistrate Judge**